# EXHIBIT "A"

Brian P. McElroy, Esq. - 036492006
LEVINSON AXELROD
2 Lincoln Highway, P.O. Box 2905
Edison, New Jersey  08818
(732) 494-2727
Attorney for Plaintiff

---

| GLENN JONES | :SUPERIOR COURT OF NEW JERSEY |
| | :LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | :DOCKET NO.: L- |
| v. | : |
| | :        CIVIL ACTION |
| | : |
| JOHN K. WOLF, BARR NUNN | : |
| TRANSPORTATION AND JOHN DOES | :    COMPLAINT, JURY DEMAND |
| JOHN DOES 1-20(representing | :DESIGNATION OF TRIAL COUNSEL, |
| presently unidentified | :PHYSICIAN'S CERTIFICATION, |
| individuals, businesses and/or | :DEMAND FOR DISCOVERY OF INSURANCE, |
| corporations who owned, | :NOTICE TO PRODUCE, DEMAND FOR |
| operated, maintained, | :ANSWERS TO INTERROGATORIES |
| supervised, designed, | : |
| constructed, repaired and/or | : |
| controlled the vehicle in | : |
| question or otherwise employed | : |
| the defendant), | : |
| | : |
| Defendant(s) | : |
| | : |

---

Plaintiff, **GLENN JONES**, residing at 1656 Bass Road in the
City of Nashville, State of North Carolina, complaining of the
defendants, say:

### FIRST COUNT

1.    On or about April 4, 2018, plaintiff, **GLENN JONES** was
the driver of a freight truck owned by, CHICAGO CUSTOMS TRANSIT
CENTER, LLC, which truck was stopped waiting for a gas pump to
open while at 1470 Route 46 in the Township of Roxbury, County of
Morris and State of New Jersey.

2.   At the time and place aforesaid, the defendant, JOHN K. WOLF, was the driver of a freight truck vehicle owned by defendant, BARR NUNN TRANSPORTATION, INC. which truck backed up into the plaintiff's truck while he was waiting for a gas pump to open.   Defendant, JOHN K. WOLF, so carelessly and negligently operated his motor vehicle in such a manner that struck plaintiff's vehicle causing the plaintiff severe personal injuries.

3.   As a direct and proximate result of the negligence of the defendants, JOHN K. WOLF AND BARR NUNN TRANSPORTATION, INC., in the ownership, operation, control, and supervision of his freight truck, a collision occurred and the plaintiff, GLENN JONES, was caused to sustain severe, serious and permanent injuries; was caused to suffer great pain and anguish; was caused to lose time from his employment and will, in the future be caused to lose time from his employment; was caused to incur medical expenses and will in the future be caused to incur medical expenses; will be caused to suffer severe, serious and permanent injuries.

WHEREFORE, the plaintiff, GLENN JONES, demands judgment against the defendants, JOHN K. WOLF, BARR NUNN TRANSPORTATION, INC. and JOHN DOES 1-10 (representing presently unknown parties), jointly and severally, for damages, interest and costs of suit and any other remedy this Court deems just.

2

## SECOND COUNT

1.   Plaintiff, GLENN JONES, repeats and realleges each and every allegation contained in the First Count and makes them a part herein.

2.   At the time and place aforesaid, the defendants, JOHN DOES 1-20 (representing presently unknown persons and/or business entities), operated a freight truck at 1470 Route 46 in the Township of Roxbury, County of Morris and State of New Jersey.

3.   At the time and place aforesaid, the defendants, JOHN DOES 1-20 (representing presently unknown persons and/or business entities), negligently and/or carelessly in the ownership, operation, control, and supervision of their freight truck, caused a collision to occur and the plaintiff, GLENN JONES was caused to sustain severe, serious and permanent injuries; was caused to suffer great pain; was caused to lose time from his employment and in the future will be caused to lose time from his employment; was caused to incur medical expenses and will in the future be caused to incur medical expenses.

WHEREFORE, the plaintiff, GLENN JONES, demands judgment against the defendants, JOHN DOES 1-20 (representing presently unknown persons and business entities), for damages, interest and costs of suit.

3

## THIRD COUNT

1.   Plaintiff, GLENN JONES, repeats and realleges each and every allegation contained in the prior Counts and makes them a part herein.

2.   Plaintiff alleges there was a breach of motor vehicle and other statutes and this constitutes a statutory tort.

WHEREFORE, plaintiff, GLENN JONES, demands judgment against the defendants, JOHN K. WOLF, BARR NUNN TRANSPORTATION, INC. and JOHN DOES 1-20 (representing presently unknown persons and/or business entities), jointly and severally, for damages, interest and cost of suit and any other remedy this Court deems just.

## JURY DEMAND

Pursuant to R.4:35-1, plaintiff hereby demands a trial by jury on all issues of the within matter.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Brian P. McElroy, Esq., is hereby designated as trial counsel in the within matter for the firm of Levinson Axelrod, P.C., attorneys for plaintiff.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or

4

all of a judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to _R. 4:18-1_, plaintiff hereby demands that the defendants produce the following documents at this office within thirty (30) days, as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update their responses thereto as new information or documentation comes into existence.

## Documents Requested

1.    The amounts of any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2.    Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the accident in question or any subsequent investigation of same.

5

3.    Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4.    Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.    Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6.    Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

7.    Copies of any and all discovery received from any other parties to the action in question.

8.    Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

9.    Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the accident in question.

10.    Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the accident in question.

Please be advised that plaintiff hereby objects to the taking of any photographs, x-ray films or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(1) Uniform Interrogatories, found in Appendix II as provided by R. 4:17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

Levinson Axelrod, P.C.

By: _Brian P. McElroy_

BRIAN P. MCELROY, ESQ.

Dated: December 6, 2018

## CERTIFICATION PURSUANT TO R.4:5-1

BRIAN P. MCELROY, ESQ. of full age, hereby certifies and says:

1.  I am an attorney-at-law of the State of New Jersey, and am an attorney with the law firm of Levinson Axelrod, P.C., attorneys for plaintiff in the above-captioned matter.

2.  To the best of my knowledge, information and belief, there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

3.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

_Brian P. McElroy_

BRIAN P. MCELROY, ESQ.

Dated: December 10, 2018

## CERTIFICATION PURSUANT TO R.1:38-7b

BRIAN P. MCELROY, ESQ. of full age, hereby certifies and says:

8

1.  I am an attorney-at-law of the State of New Jersey, and am an attorney with the law firm of Levinson Axelrod, P.C., attorneys for plaintiff in the above-captioned matter.

2.  To the best of my knowledge, all confidential personal identifiers have ben redacted and all subsequent papers submitted to the court will not contain confidential personal identifiers in accordance with R.1:38-7b.

3.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, that I am subject to punishment.

*Brian P. McElroy*

BRIAN P. MCELROY, ESQ.

Dated: December 6, 2018

## SUPPLEMENTAL INTERROGATORIES

1. Did you review the police report that was generated as a result of this collision?

9

2. If the answer to the prior question is in the affirmative, state whether the police report is accurate. If inaccurate, state the specific provisions that are inaccurate.

3. State whether there were any obstructions to your view at the time and location of the collision here at issue.

4. If the answer to the prior question is in the affirmative, set forth a description of each visual obstruction including its location relative to the point where the vehicular collision occurred.

5. State the cellular phone number and carrier for the person operating the defendant's vehicle at the time of the collision.

6. State all attempts or actions undertaken by defendant to avoid this collision, once it became apparent that a collision was imminent.

7. If this party does not accept full responsibility for the happening of the accident, please indicate what the driver of the other vehicle did that contributed to the happening of this accident.

8. Indicate violations for which Defendant has points on his/her license covering the ten (10) years preceding the collision here at issue.

9. Please detail all conversations you had with the plaintiff or overheard being had by plaintiff with anyone else after the accident in question until you left the accident scene.

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-002424-18**

**Case Caption:** JONES GLENN  VS WOLF JOHN

**Case Initiation Date:** 12/10/2018

**Attorney Name:** BRIAN PATRICK MC ELROY

**Firm Name:** LEVINSON AXELROD

**Address:** 302 ROUTE 206 SOUTH
HILLSBOROUGH NJ 08844

**Phone:**

**Name of Party:** PLAINTIFF : JONES, GLENN

**Name of Defendant's Primary Insurance Company**
**(if known):** GREAT WEST CASUALTY CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/10/2018</u>
Dated

<u>/s/ BRIAN PATRICK MC ELROY</u>
Signed

Brian P. McElroy, Esq. - 036492006
LEVINSON AXELROD
2 Lincoln Highway, P.O. Box 2905
Edison, New Jersey  08818
(732) 494-2727
Attorney for Plaintiff

131
N(67851

| GLENN JONES | :SUPERIOR COURT OF NEW JERSEY |
| | :LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | :DOCKET NO.: L-2424-18 |
| v. | : |
| | : CIVIL ACTION |
| JOHN K. WOLF, BARR NUNN | : |
| TRANSPORTATION AND JOHN DOES | : SUMMONS |
| JOHN DOES 1-20 (representing | : |
| presently unidentified | : |
| individuals, businesses and/or | : |
| corporations who owned, | : |
| operated, maintained, | : |
| supervised, designed, | : |
| constructed, repaired and/or | : |
| controlled the vehicle in | : |
| question or otherwise employed | : |
| the defendant), | : |
| | : |
| Defendant(s) | : |
| | : |

RECEIVED

DEC 18 2018

CORP-25

*THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):*
**JOHN K. WOLF**

*YOU ARE HEREBY SUMMONED* in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey 08625, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state). The phone numbers for the county in which this action is pending are: Lawyer Referral Service, 908-828-0053 and Legal Services Office, 908-249-7600.

Dated: December 13, 2018

Michelle M. Smith, Clerk

Name of Defendant to be served: John K. Wolf
Address for Service: 5906 Seaman Road, Oregon, Ohio 43616

## *SUPERIOR COURT CLERKS*

Atlantic County Clerk
Atlantic County Civil Courthouse
1201 Bacharach Boulevard, First Floor
Atlantic City, New Jersey 08401

Bergen County Clerk
Bergen County Case Processing Section
119 Justice Center
Ten Main Street
Hackensack, New Jersey 07601-0769

Burlington County Clerk
Courts Facility, First Floor
49 Rancocas Road
Post Office Box 655
Mount Holly, New Jersey 08060

Camden County Clerk
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street
Camden, New Jersey 08103

Cape May County Clerk
Cape May Superior Court
Four Moore Road, DN 203
Nine North Main Street
Cape May, New Jersey 08210

Cumberland County Clerk
Cumberland County Civil
   Case Management Office
Post Office Box 615
Bridgeton, New Jersey 08302

Essex County Clerk
237 Hall of Records
465 Martin Luther King, Jr. Boulevard
Newark, New Jersey 07102

Gloucester County Clerk
Gloucester County Courthouse
Civil Case Management Office
One North Broad Street, First Floor
Woodbury, New Jersey 08096

Hudson County Clerk
Civil Records Department
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, New Jersey 07306

Hunterdon County Clerk
Civil Division Office
Hall of Records
71 Main Street
Flemington, New Jersey 08822

Mercer County Deputy Clerk
Mercer County Courthouse
209 South Broad Street
Post Office Box 8068
Trenton, New Jersey 08650

Middlesex County Clerk
Superior Court, Law Division
Administration Building, Third Floor
Post Office Box 2633
New Brunswick, New Jersey 08903-2633

Monmouth County Clerk
Monmouth County Courthouse
71 Monument Park, West Wing
Post Office Box 1252
Freehold, New Jersey 07728-1252

Morris County Clerk
Morris County Civil Division
Post Office Box 910
Morristown, New Jersey 07963-0910

Ocean County Clerk
119 Courthouse
118 Washington Street
Toms River, New Jersey 08754

Passaic County Clerk
Passaic County Courthouse
Civil Division Office
77 Hamilton Street
Paterson, New Jersey 07505

Salem County Clerk
92 Market Street
Post Office Box 18
Salem, New Jersey 08079

Somerset County Clerk
Somerset County Courthouse
Civil Division Office, Third Floor
Post Office Box 3000
Somerville, New Jersey 08876

Sussex County Clerk
Sussex County Civil Division
Judicial Center
43-47 High Street
Newton, New Jersey 07860

Union County Deputy Clerk
Union County Courthouse
Two Broad Street, Room 107
Post Office Box 6073
Elizabeth, New Jersey 07207-6703

Warren County Clerk
Warren County Courthouse
Civil Division Office
413 Second Street
Belvidere, New Jersey 07823-1500

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

DATE:    DECEMBER 10, 2018
RE:      JONES GLENN  VS WOLF JOHN
DOCKET: MRS L -002424 18

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON LOUIS S. SCEUSI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (973) 656-4106.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: BRIAN P. MC ELROY
LEVINSON AXELROD
302 ROUTE 206 SOUTH
HILLSBOROUGH      NJ 08844

ECOURTS

Brian P. McElroy, Esq. - 036492006
LEVINSON AXELROD
2 Lincoln Highway, P.O. Box 2905
Edison, New Jersey  08818
(732) 494-2727
Attorney for Plaintiff

| | |
|---|---|
| GLENN JONES | :SUPERIOR COURT OF NEW JERSEY |
| | :LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | :DOCKET NO.: L- |
| v. | : |
| | :         CIVIL ACTION |
| JOHN K. WOLF, BARR NUNN | : |
| TRANSPORTATION AND JOHN DOES | :    COMPLAINT, JURY DEMAND |
| JOHN DOES 1-20(representing | :DESIGNATION OF TRIAL COUNSEL, |
| presently unidentified | :PHYSICIAN'S CERTIFICATION, |
| individuals, businesses and/or | :DEMAND FOR DISCOVERY OF INSURANCE, |
| corporations who owned, | :NOTICE TO PRODUCE, DEMAND FOR |
| operated, maintained, | :ANSWERS TO INTERROGATORIES |
| supervised, designed, | : |
| constructed, repaired and/or | : |
| controlled the vehicle in | : |
| question or otherwise employed | : |
| the defendant), | : |
| | : |
| Defendant(s) | : |
| | : |

Plaintiff, **GLENN JONES**, residing at 1656 Bass Road in the
City of Nashville, State of North Carolina, complaining of the
defendants, say:

### FIRST COUNT

1.    On or about April 4, 2018, plaintiff, **GLENN JONES** was
the driver of a freight truck owned by, CHICAGO CUSTOMS TRANSIT
CENTER, LLC, which truck was stopped waiting for a gas pump to
open while at 1470 Route 46 in the Township of Roxbury, County of
Morris and State of New Jersey.

2.    At the time and place aforesaid, the defendant, **JOHN K. WOLF**, was the driver of a freight truck vehicle owned by defendant, **BARR NUNN TRANSPORTATION, INC.** which truck backed up into the plaintiff's truck while he was waiting for a gas pump to open.    Defendant, **JOHN K. WOLF**, so carelessly and negligently operated his motor vehicle in such a manner that struck plaintiff's vehicle causing the plaintiff severe personal injuries.

3.    As a direct and proximate result of the negligence of the defendants, **JOHN K. WOLF AND BARR NUNN TRANSPORTATION, INC.**, in the ownership, operation, control, and supervision of his freight truck, a collision occurred and the plaintiff, **GLENN JONES**, was caused to sustain severe, serious and permanent injuries; was caused to suffer great pain and anguish; was caused to lose time from his employment and will, in the future be caused to lose time from his employment; was caused to incur medical expenses and will in the future be caused to incur medical expenses; will be caused to suffer severe, serious and permanent injuries.

**WHEREFORE**, the plaintiff, **GLENN JONES**, demands judgment against the defendants, **JOHN K. WOLF, BARR NUNN TRANSPORTATION, INC. and JOHN DOES 1-10 (representing presently unknown parties)**, jointly and severally, for damages, interest and costs of suit and any other remedy this Court deems just.

## SECOND COUNT

1.   Plaintiff, **GLENN JONES**, repeats and realleges each and every allegation contained in the First Count and makes them a part herein.

2.   At the time and place aforesaid, the defendants, **JOHN DOES 1-20 (representing presently unknown persons and/or business entities)**, operated a freight truck at 1470 Route 46 in the Township of Roxbury, County of Morris and State of New Jersey.

3.   At the time and place aforesaid, the defendants, **JOHN DOES 1-20 (representing presently unknown persons and/or business entities)**, negligently and/or carelessly in the ownership, operation, control, and supervision of their freight truck, caused a collision to occur and the plaintiff, **GLENN JONES** was caused to sustain severe, serious and permanent injuries; was caused to suffer great pain; was caused to lose time from his employment and in the future will be caused to lose time from his employment; was caused to incur medical expenses and will in the future be caused to incur medical expenses.

**WHEREFORE**, the plaintiff, **GLENN JONES**, demands judgment against the defendants, **JOHN DOES 1-20 (representing presently unknown persons and business entities)**, for damages, interest and costs of suit.

3

## THIRD COUNT

1.   Plaintiff, GLENN JONES, repeats and realleges each and every allegation contained in the prior Counts and makes them a part herein.

2.   Plaintiff alleges there was a breach of motor vehicle and other statutes and this constitutes a statutory tort.

WHEREFORE, plaintiff, GLENN JONES, demands judgment against the defendants, JOHN K. WOLF, BARR NUNN TRANSPORTATION, INC. and JOHN DOES 1-20 (representing presently unknown persons and/or business entities), jointly and severally, for damages, interest and cost of suit and any other remedy this Court deems just.

## JURY DEMAND

Pursuant to R.4:35-1, plaintiff hereby demands a trial by jury on all issues of the within matter.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Brian P. McElroy, Esq., is hereby designated as trial counsel in the within matter for the firm of Levinson Axelrod, P.C., attorneys for plaintiff.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or

4

all of a judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

### NOTICE TO PRODUCE

Pursuant to *R.* *4:18-1*, plaintiff hereby demands that the defendants produce the following documents at this office within thirty (30) days, as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update their responses thereto as new information or documentation comes into existence.

### Documents Requested

1.   The amounts of any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2.   Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the accident in question or any subsequent investigation of same.

5

3.   Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4.   Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.   Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6.   Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

7.   Copies of any and all discovery received from any other parties to the action in question.

6

8.    Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

9.    Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the accident in question.

10.   Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the accident in question.

Please be advised that plaintiff hereby objects to the taking of any photographs, x-ray films or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(1) Uniform Interrogatories, found in Appendix II as provided by R. 4:17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

Levinson Axelrod, P.C.

By: _Brian P. M'Elroy_
            BRIAN P. MCELROY, ESQ.

Dated: December 6, 2018

<u>CERTIFICATION PURSUANT TO R.4:5-1</u>

BRIAN P. MCELROY, ESQ. of full age, hereby certifies and says:

1.    I am an attorney-at-law of the State of New Jersey, and am an attorney with the law firm of Levinson Axelrod, P.C., attorneys for plaintiff in the above-captioned matter.

2.    To the best of my knowledge, information and belief, there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

3.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

_Brian P. M'Elroy_
_____
BRIAN P. MCELROY, ESQ.

Dated: December 10, 2018

<u>CERTIFICATION PURSUANT TO R.1:38-7b</u>

BRIAN P. MCELROY, ESQ. of full age, hereby certifies and says:

8

1.   I am an attorney-at-law of the State of New Jersey, and
     am an attorney with the law firm of Levinson Axelrod,
     P.C., attorneys for plaintiff in the above-captioned
     matter.

2.   To the best of my knowledge, all confidential personal
     identifiers have ben redacted and all subsequent papers
     submitted to the court will not contain confidential
     personal identifiers in accordance with R.1:38-7b.

3.   I certify that the foregoing statements made by me are
     true. I am aware that if any of the foregoing statements
     made by me are willingly false, that I am subject to
     punishment.

_Brian P. McElroy_
_____
BRIAN P. MCELROY, ESQ.

Dated: December 6, 2018

## SUPPLEMENTAL INTERROGATORIES

1. Did you review the police report that was generated as a
   result of this collision?

9

2. If the answer to the prior question is in the affirmative, state whether the police report is accurate. If inaccurate, state the specific provisions that are inaccurate.

3. State whether there were any obstructions to your view at the time and location of the collision here at issue.

4. If the answer to the prior question is in the affirmative, set forth a description of each visual obstruction including its location relative to the point where the vehicular collision occurred.

5. State the cellular phone number and carrier for the person operating the defendant's vehicle at the time of the collision.

6. State all attempts or actions undertaken by defendant to avoid this collision, once it became apparent that a collision was imminent.

7. If this party does not accept full responsibility for the happening of the accident, please indicate what the driver of the other vehicle did that contributed to the happening of this accident.

8. Indicate violations for which Defendant has points on his/her license covering the ten (10) years preceding the collision here at issue.

9. Please detail all conversations you had with the plaintiff or overheard being had by plaintiff with anyone else after the accident in question until you left the accident scene.

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-002424-18**

**Case Caption:** JONES GLENN  VS WOLF JOHN

**Case Initiation Date:** 12/10/2018

**Attorney Name:** BRIAN PATRICK MC ELROY

**Firm Name:** LEVINSON AXELROD

**Address:** 302 ROUTE 206 SOUTH

HILLSBOROUGH NJ 08844

**Phone:**

**Name of Party:** PLAINTIFF : JONES, GLENN

**Name of Defendant's Primary Insurance Company**

**(if known):** GREAT WEST CASUALTY CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/10/2018</u>
Dated

<u>/s/ BRIAN PATRICK MC ELROY</u>
Signed